QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100

  Jordan R. Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
  Jonathan S.M. Francis (Bar No. 307722)
  jonathanfrancis@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff
Once Upon a Time Foundation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONCE UPON A TIME FOUNDATION, a non-profit Texas corporation, | CASE NO. 18-cv-4507 |
| | **COMPLAINT FOR:** |
|         Plaintiff, | **(1) FEDERAL TRADEMARK INFRINGEMENT;** |
|         vs. | **(2) COMMON LAW TRADEMARK INFRINGEMENT;** |
| BOARD OF TRUSTEES OF LELAND STANFORD JUNIOR UNIVERSITY, | **(3) FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION; AND** |
|         Defendant. | **(4) STATUTORY AND COMMON LAW UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Once Upon a Time Foundation complains of defendant Board of Trustees of Leland Stanford Junior University ("Stanford University" or "Defendant") and alleges as follows:

## Nature Of This Action

1.      The program now known as The Philanthropy Lab was founded in 2011 by Once Upon a Time Foundation, a non-profit organization based in Ft. Worth, Texas.

2.      The primary goal of The Philanthropy Lab is to ignite students' interest and participation in philanthropy.  The Philanthropy Lab engages college students in philanthropy by giving them the tangible responsibility of directing real money to nonprofit organizations in the context of full-credit undergraduate courses.  The Philanthropy Lab provides the initial opportunity to jumpstart these innovative educational experiences, and aims to help the partner universities find additional long-term donors to become self-sustaining, allowing The Philanthropy Lab to direct its funds to expand the program to other universities. In addition to profoundly affecting participating students, The Philanthropy Lab aspires to increase the prevalence and priority of philanthropy education in U.S. colleges and universities.

3.      The Philanthropy Lab believes it is important for higher education to help shape not only well-educated leaders, but also responsible citizens. Often, philanthropy education is missing from curricular, co-curricular, and extracurricular offerings related to civic engagement and leadership. The Philanthropy Lab hopes to increase the emphasis on philanthropy education at universities so that more students will understand what it means to give their money, time, and skills.

4.      Through The Philanthropy Lab and using the eponymous trademark, Once Upon a Time Foundation has raised and channeled over $8.1 million towards building philanthropy education programs at twenty-five universities, and given

-1-

COMPLAINT

more than 2,500 students in over 110 classes the opportunity to gain invaluable knowledge and experience at philanthropic giving.[1]

5.      Beginning in September 2011, Once Upon a Time Foundation partnered with the Defendant, Stanford University, to provide grants for the Stanford University course "Theories of Civil Society, Philanthropy and the Nonprofit Sector."  Over seven years of partnership with Stanford, Once Upon a Time Foundation has provided direct grants of $656,000 to Stanford and facilitated grants from third-party donors of $178,000 to Stanford.[2]

---

[1]   Source: https://www.thephilanthropylab.org/school.aspx

[2]   The publicly available chart at https://www.thephilanthropylab.org/school.aspx?school=Stanford shows only student-awarded grants to non-profits as part of The Philanthropy Lab's involvement with the Stanford University partner course. In addition to these funds, Once Upon a Time Foundation has provided direct grants and facilitated additional grants from third-party donors directed to the development of the partner course itself.

COMPLAINT

The **Philanthropy Lab**®

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Grant Map | Partner Schools | Ambassadors Conference | Giving Goal | About ▾ | Course Information ▾ | For Students ▾ | News ▾   Support A Course |

## Stanford

GRANTS AWARDED ››   ABOUT THE COURSE ››                                    Return to Partner Schools Home

| Semester | Course (click on course title to view SYLLABUS) | Students Enrolled | Grants Awarded | |
|---|---|---|---|---|
| | | | Phil Lab | Other Donors |
| Spring 2018 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Department: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 24 students | $50,000 | |
| Spring 2017 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Departments: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 22 students | $90,000 | $30,000 |
| Spring 2016 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Departments: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 18 students | $75,000 | $50,000 |
| Spring 2015 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Departments: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 21 students | $50,000 | $50,000 |
| Spring 2014 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Departments: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 18 students | $50,000 | $31,000 |
| Spring 2013 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Departments: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 20 students | $100,000 | |
| Spring 2012 | Theories of Civil Society, Philanthropy, and the Nonprofit Sector<br>Departments: Political Science / Honors - Ethics in Society<br>Bruce Sievers | 21 students | $100,000 | |

copyright © 2018 The Philanthropy Lab. All Rights Reserved.                                    LOGIN

6.      Despite being one of The Philanthropy Lab's earliest partners, Stanford, through its Center on Philanthropy and Civil Society ("PACS"), started "The Effective Philanthropy Lab" on or about May 11, 2017.  Stanford now further offers a competing educational course on philanthropic giving entitled "Essentials of Program Strategy and Evaluation"—branded as being offered by "Effective Philanthropy Lab."[3]

---

[3]   https://pacscenter.stanford.edu/course/philanthropy-and-strategy-online-course/

-3-

COMPLAINT

7.      A simple comparison of Once Upon a Time Foundation's trademark and Stanford's infringing branding shows the confusing similarity of Stanford's "Effective Philanthropy Lab" to Once Upon a Time Foundation's trademark:

| **Once Upon a Time Foundation's Trademark** | **Stanford's Infringing Branding** |
| --- | --- |
| The Philanthropy Lab | The Effective Philanthropy Lab |

8.      Once Upon a Time Foundation is the owner of exclusive rights to the registered trademark THE PHILANTHROPY LAB, which Once Upon a Time Foundation uses to identify and promote its partnerships with universities for philanthropic development.  Once Upon a Time Foundation has been using its trademark THE PHILANTHROPY LAB in commerce since February 25, 2013.

9.      In addition to the substantial financial investment Once Upon a Time Foundation has made in The Philanthropy Lab, it also uses the THE PHILANTHROPY LAB mark at major national events it sponsors in a regular and ongoing manner.  Twenty professors from partner universities across the country convene annually in Fort Worth for The Philanthropy Lab Leadership Summit.  At this event, top philanthropy educators and practitioners from across the country share best practices from their respective The Philanthropy Lab classes, discuss the challenging aspects of experiential philanthropy education, and explore opportunities to improve and expand philanthropy education.  The Philanthropy Lab Leadership Summit also provides free time and social activities to facilitate more informal networking and collaborating.

10.      In June, 2018, Once Upon a Time Foundation hosted its fourth annual The Philanthropy Lab Ambassadors Conference in Dallas, Texas.  At this exciting event, forty student ambassadors from twenty The Philanthropy Lab partner schools across the nation spent three days acting in a dual role as 1) an advocate for a non-profit that their respective The Philanthropy Lab classes funded, and 2) collectively,

as a Board, to award $25,000 grants to the six non-profits that they deemed the most deserving.  In addition to the forty student ambassadors, six Once Upon a Time Foundation staff members, six The Philanthropy Lab instructors, and a number of guest speakers and presenters worked together to make The Philanthropy Lab Ambassadors Conference an educational, impactful, and fun event for all participants.  This $335,000 event served to both advance the objectives and reinforce the branding of The Philanthropy Lab.

11.    In February 2018, Once Upon a Time Foundation learned of Defendant's use of THE PHILANTHROPY LAB mark via a Google alert for "philanthropy lab" that highlighted an article mentioning The Effective Philanthropy Lab.  On March 5, 2018, Once Upon a Time Foundation sent Stanford, by way of The Effective Philanthropy Lab, a letter informing Stanford that it was infringing Once Upon a Time Foundation's registered trademark, and requesting that Stanford adopt a different and non-infringing name for its organization.

12.    As of the date of this complaint, Stanford has not renamed The Effective Laboratory Lab and continues to infringe Once Upon a Time Foundation's THE PHILANTHROPY LAB trademark.

13.    In this action, Once Upon a Time Foundation seeks damages as well as injunctive and declaratory relief for Defendant's infringement of its intellectual property in the THE PHILANTHROPY LAB trademark and to prevent Stanford from trading on the goodwill Once Upon a Time Foundation has created in THE PHILANTHROPY LAB mark over the last eight years as an organization committed to developing and strengthening the commitment of students and U.S. universities to responsible philanthropic giving.

## Jurisdiction And Venue

14.    This action arises under the Lanham Act as well as related state laws. Subject matter jurisdiction is founded upon 28 U.S.C. §§ 1331, 1338 and 1367.

15. Venue is proper under 28 U.S.C. § 1391(b)(2). Among other things, the infringing services which are the subject of this litigation were distributed, offered for distribution, marketed and sold in this District; and Defendant undertook its infringing actions knowing that they would damage Once Upon a Time Foundation in this District. In addition, venue is proper in this District under 28 U.S.C. § 1391(c)(2) because Defendant is subject to personal jurisdiction in the Northern District of California.

16. This Court has supplemental subject matter jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367(a). The California state claims asserted herein are so related to the Lanham Act claims as to form part of the same case or controversy.

17. In accordance with Civ. L.R. 3-2(c), this action is properly assigned on a District-wide basis because it relates to Intellectual Property Rights.

**Parties**

18. Once Upon a Time Foundation is non-profit corporation organized and existing under the laws of the State of Texas with its principal place of business in Fort Worth, Texas.

19. Upon information and belief, Defendant Stanford University is registered as a 501(c)(3) corporation with its principal place of business in Palo Alto, California. Once Upon a Time Foundation is informed and believes, and on that basis alleges, that Stanford University resides and is doing business in this judicial district, including by promoting in this judicial district the infringing products and services at issue in this case. Further, Once Upon a Time Foundation is informed and believes, and on that basis alleges, that Defendant performed the acts described herein knowing that their actions would damage Once Upon a Time Foundation and its interests, in this judicial district.

COMPLAINT

## THE PHILANTHROPY LAB Mark And Registration

20.     On December 7, 2012, Once Upon a Time Foundation filed with the United States Patent and Trademark Office ("USPTO") an application for registration of the mark THE PHILANTHROPY LAB.  The USPTO published Once Upon a Time Foundation's mark for opposition and, subsequently on January 21, 2014, issued a notice of allowance for registration of the mark on the Principal Register.  A true and correct copy of the issued registration is attached hereto as Exhibit A.  Once Upon a Time Foundation has continuously used the mark in commerce since at least as early as February 25, 2013.

21.     Once Upon a Time Foundation has invested a great deal of time and resources in building its brand around its mark.  Because of Once Upon a Time Foundation's promotional activities involving the THE PHILANTHROPY LAB mark, educational courses, programs, and related services bearing the mark are understood as  originating from, connected with and offered by Once Upon a Time Foundation.

22.     Once Upon a Time Foundation also owns and conducts business through the domain name, https://www.thephilanthropylab.org/, which it registered on November 27, 2012.[4]

## Defendant's Unlawful Conduct

23.     After Once Upon a Time Foundation obtained valuable rights in its THE PHILANTHROPY LAB mark, and despite having actual and constructive notice of Once Upon a Time Foundation's rights in the mark, Defendant began using and continues to use various infringing designations, including "The Effective Philanthropy Lab," to promote its own philanthropy educational courses and services.  For example, without Once Upon a Time Foundation's permission,

---

[4]   See https://whois.icann.org/en/lookup?name=www.thephilanthropylab.org

COMPLAINT

Defendant created "The Effective Philanthropy Lab" and promoted it on its website in order to market and promote its products and services.[5]

24.   A survey of Stanford's "Effective Philanthropy Lab" confirms that it offers charitable foundation services and educational services, which, among others, are related to the services that Once Upon a Time Foundation provides under its THE PHILANTHROPY LAB mark.  Defendant's acts have been committed without Once Upon a Time Foundation's permission or consent.

25.   Once Upon a Time Foundation is informed and believes, and on that basis alleges, that Defendant is using designations confusingly similar to Once Upon a Time Foundation's THE PHILANTHROPY LAB mark with the intent to trade on the goodwill that Once Upon a Time Foundation has earned in its mark and to deceive and confuse consumers into believing that the services Defendant provides are sponsored by, authorized by, associated with, or originate from Once Upon a Time Foundation.  Defendant has damaged the reputation, business, and goodwill of Once Upon a Time Foundation, internationally and nationally (including in this judicial district), and unless enjoined, Once Upon a Time Foundation is informed and believes that Defendant will continue such conduct to the immediate and impending irreparable injury of Once Upon a Time Foundation's detriment.

26.   On information and belief, Defendant is knowingly and willingly continuing its unauthorized use of THE PHILANTHROPY LAB trademark to intentionally deceive consumers in the marketplace and trade off the valuable goodwill that Once Upon a Time Foundation has established in the mark.

27.   As a consequence, Stanford has infringed, and continues to infringe, Once Upon a Time Foundation's valuable THE PHILANTHROPY LAB mark, in violation of the Lanham Act as well as state law.  On information and belief, Defendant's misconduct is and has been performed with the intention of trading on

---

[5]   https://pacscenter.stanford.edu/research/the-effective-philanthropy-lab/

COMPLAINT

1 Once Upon a Time Foundation's goodwill.  Defendant's actions have caused

2 irreparable damage to Once Upon a Time Foundation, and, unless Defendant is

3 restrained and enjoined by this Court, Once Upon a Time Foundation will continue

4 to be irreparably harmed in the future.  Thus, Once Upon a Time Foundation is

5 entitled to injunctive relief to restrain Defendant from further wrongdoing, as well

6 as awards of actual and statutory damages against Defendant.

### FIRST CAUSE OF ACTION

**(Federal Trademark Infringement)**

28.     Once Upon a Time Foundation repeats and realleges each and every

10 allegation of Paragraphs 1 through 27, above, as though fully set forth herein.

11      29.     Once Upon a Time Foundation is the owner of a registration for the

12 mark THE PHILANTHROPY LAB on the Principal Register of the United States

13 Patent and Trademark Office.  This registration is valid and subsisting.  Once Upon

14 a Time Foundation has engaged, and continues to engage, in the promotion,

15 distribution and licensing of its THE PHILANTHROPY LAB-branded services in

16 interstate commerce.

17      30.     Notwithstanding Once Upon a Time Foundation's superior rights in its

18 THE PHILANTHROPY LAB mark, and despite its actual and constructive

19 knowledge of Once Upon a Time Foundation's prior adoption of the mark,

20 Defendant have used, and continue to use, designations that are confusingly similar

21 to Once Upon a Time Foundation's mark, in connection with the promotion,

22 distribution and sale of Defendant's services, all of which has been done without

23 Once Upon a Time Foundation's permission.

24      31.     Defendant's activities complained of herein constitute trademark

25 infringement, in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26 Defendant's activities are likely to cause confusion, deception, and mistake among

27 relevant consumers as to the origin of and/or Once Upon a Time Foundation's

28 sponsorship, connection, affiliation, or association with Defendant's services.  Such

COMPLAINT

conduct has caused irreparable harm to Once Upon a Time Foundation, including but not limited to injury to its reputation, for which Once Upon a Time Foundation has no adequate remedy at law.

32.    Moreover, unless Defendant is restrained by this Court, these injuries to Once Upon a Time Foundation will continue to occur.  Once Upon a Time Foundation is, therefore, entitled to injunctive relief restraining and enjoining Defendant and its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing Once Upon a Time Foundation's THE PHILANTHROPY LAB mark, including in connection with the promotion, advertisement, distribution, display, licensing or sale of Defendant's services.

33.    Defendant has intentionally infringed the THE PHILANTHROPY LAB mark, and Once Upon a Time Foundation is entitled to recover all damages sustained as a result of Defendant's unlawful conduct, as well as the costs of suit and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION
### (Common Law Trademark Infringement)

34.    Once Upon a Time Foundation repeats and realleges each and every allegation of paragraphs 1 through 33 above, as though fully set forth herein.

35.    This cause of action for infringement arises under the common law of the State of California.

36.    Defendant has been using and continues to use Once Upon a Time Foundation's THE PHILANTHROPY LAB mark by virtue of its Effective Philanthropy Lab branding and offerings.  Stanford's use of "Effective Philanthropy Lab" on its website and education offerings infringes upon Once Upon a Time Foundation's registered mark.

37.     Once Upon a Time Foundation does not consent to and has never consented to or authorized Stanford's use of the THE PHILANTHROPY LAB mark and receives no compensation from Defendant's competing offerings.

38.     Defendant's activities complained of herein constitute common law trademark infringement, in violation of, *inter alia*, Cal. Bus. & Prof. § 14200, et seq. Defendant's activities are likely to cause confusion, deception and mistake among relevant consumers as to the origin of and/or Once Upon a Time Foundation's sponsorship, connection, affiliation, or association with Defendant's services.  Such conduct has caused irreparable harm to Once Upon a Time Foundation, including but not limited to injury to its reputation, for which Once Upon a Time Foundation has no adequate remedy at law.

39.     Moreover, unless Defendant is restrained by this Court, these injuries to Once Upon a Time Foundation will continue to occur.  Once Upon a Time Foundation is therefore entitled to injunctive relief restraining and enjoining Defendant and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing Once Upon a Time Foundation's THE PHILANTHROPY LAB mark, including in connection with the promotion, advertisement, distribution, display, licensing or sale of Defendant's products or services.

## **THIRD CAUSE OF ACTION**

### **(False Designation of Origin and False Description)**

40.     Once Upon a Time Foundation repeats and realleges each and every allegation of paragraphs 1 through 39 above, as though fully set forth herein.

41.     Defendant is marketing, promoting, licensing and selling their products in interstate commerce by using designations confusingly similar to Once Upon a Time Foundation's THE PHILANTHROPY LAB mark.

42.     The use of Once Upon a Time Foundation's mark by Defendant constitutes a false designation of origin and a false description or representation that

wrongfully and falsely designates the services marketed, distributed or sold by
Defendant as originating from, sponsored by, approved of or connected with Once
Upon a Time Foundation.

43.     By its acts, Defendant has intentionally engaged in a course of conduct
that cause confusion among relevant consumers as to the source, affiliation,
connection and association of Defendant's products.  Defendant's acts are deliberate
and intentional and have as their purpose and effect to compete unfairly with Once
Upon a Time Foundation.  Defendant has been and is unjustly enriched by their
misappropriation of Once Upon a Time Foundation's THE PHILANTHROPY LAB
mark.

44.     Defendant's acts are in violation of § 43(a) of the Trademark Act of
1946, as amended, by 15 U.S.C. § 1125(a).

45.     Defendant's wrongful conduct has been intentional, and without
justification.  Once Upon a Time Foundation is, therefore, entitled to recover
Defendant's profits or attributable revenue (collectively "profits"), and Once Upon a
Time Foundation's damages, as well as Once Upon a Time Foundation's costs,
including its attorney's fees.  Because the exact amount of Defendant's unjust
profits cannot be determined without an accounting, Once Upon a Time Foundation
requests an accounting of Defendant's profits and the imposition of a constructive
trust in favor of Once Upon a Time Foundation on all profits obtained from their
unlawful conduct.

46.     Defendant's wrongful activities have caused Once Upon a Time
Foundation irreparable injury and said conduct, unless enjoined by this Court, will
be continued by Defendant to the continuing and irreparable harm of Once Upon a
Time Foundation.  Once Upon a Time Foundation has no adequate remedy at law.
Once Upon a Time Foundation is, therefore, entitled to injunctive relief pursuant to
15 U.S.C. § 1116 restraining and enjoining Defendant and its agents, servants, and
employees, and all persons acting thereunder, in concert with, or on their behalf,

1  from using the THE PHILANTHROPY LAB mark or any colorable imitation or

2  variation thereof.

3  <center>**FOURTH CAUSE OF ACTION**</center>

4  <center>**(Statutory and Common Law Unfair Competition)**</center>

5  47.    Once Upon a Time Foundation incorporates herein by reference each

6  and every allegation contained in Paragraphs 1 through 46, above, as though set

7  forth herein.

8  48.    By reason of the foregoing, Defendant has been, and is, engaged in

9  unlawful, unfair and/or fraudulent business practices in violation of Section 17200

10  of the <u>California Business and Professions Code</u>, comparable statutes of other

11  jurisdictions, and the common law.

12  49.    Defendant's acts complained of herein have damaged and will continue

13  to damage Once Upon a Time Foundation irreparably.  Once Upon a Time

14  Foundation has no adequate remedy at law for these wrongs and injuries.  The

15  damage to Once Upon a Time Foundation includes harm to its goodwill and

16  reputation in the marketplace that money cannot compensate.  Once Upon a Time

17  Foundation is therefore entitled to a permanent injunction restraining and enjoining

18  Defendant and its agents, servants, and employees, and all persons acting

19  thereunder, in concert with them, or on their behalf, from using the THE

20  PHILANTHROPY LAB mark, or any confusingly similar imitation or variation

21  thereof.  Once Upon a Time Foundation is also entitled to an award of Defendant's

22  unjust profits, actual damages, and Once Upon a Time Foundation's lost profits.

23  <center>**PRAYER FOR RELIEF**</center>

24  Wherefore, Once Upon a Time Foundation hereby requests that this Court:

25  A.    Grant injunctive relief requiring Defendant, and any persons in active

26  concert or participation with them, to cease from any further conduct infringing the

27  THE PHILANTHROPY LAB mark or otherwise suggesting or tending to suggest

28  that any products or services offered, distributed, marketed or sold by Defendant are

<center>-13-</center>

1    directly or indirectly sponsored by, approved by, or affiliated with Once Upon a

2    Time Foundation;

3         B.    Grant injunctive relief requiring Defendant and all persons in active

4    concert or participation with Defendant, to immediately cease their unfair

5    competition and misappropriation of the THE PHILANTHROPY LAB mark or all

6    colorable imitations and variations thereof;

7         C.    Award Once Upon a Time Foundation damages, including costs and

8    attorney's fees, Once Upon a Time Foundation's actual damages, and an award of

9    Defendant's profits attributable to Defendant's unauthorized use of the THE

10   PHILANTHROPY LAB mark pursuant to 15 U.S.C. §§ 1114, 1117(a), 1125(a) and

11   other applicable law; and

12        D.    Award such other and further relief as this Court deems just and proper.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED:  July 25, 2018                     QUINN EMANUEL URQUHART &
2                                             SULLIVAN, LLP

3

4                                             By _____/s/ Claude M. Stern_____
5                                                 Claude M. Stern

6                                                 QUINN EMANUEL URQUHART &
7                                                 SULLIVAN, LLP
                                                    Claude M. Stern (Bar No. 96737)
8                                                   claudestern@quinnemanuel.com
                                                  555 Twin Dolphin Dr., 5th Floor
9                                                 Redwood Shores, California 94065
                                                  Telephone:  (650) 801-5000
10                                                Facsimile:   (650) 801-5100

11                                                  Jordan R. Jaffe (Bar No. 254886)
                                                    jordanjaffe@quinnemanuel.com
12                                                  Jonathan S.M. Francis (Bar No. 307722)
                                                    jonathanfrancis@quinnemanuel.com
13                                                50 California Street, 22nd Floor
                                                  San Francisco, California  94111
14                                                Telephone: (415) 875-6600
                                                  Facsimile: (415) 875-6700
15
                                                  Attorneys for Plaintiff
16                                                Once Upon a Time Foundation

17

18

19

20

21

22

23

24

25

26

27

28

                                            -15-

## JURY DEMAND

Once Upon a Time Foundation respectfully requests a jury trial on all issues triable thereby.

DATED:  July 25, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____/s/ Claude M. Stern_____
　　Claude M. Stern

QUINN EMANUEL URQUHART & SULLIVAN, LLP
　Claude M. Stern (Bar No. 96737)
　claudestern@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:　(650) 801-5100

　Jordan R. Jaffe (Bar No. 254886)
　jordanjaffe@quinnemanuel.com
　Jonathan S.M. Francis (Bar No. 307722)
　jonathanfrancis@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff
Once Upon a Time Foundation

/